BOUTALL, Judge.
Customer Edna Nelson sued Schweg-mann Bros. Giant Super Markets, Inc. for personal injuries which occurred while shopping in the St. Bernard store. Defendant appeals from a judgment awarding damages.
Plaintiff was proceeding to the meat counter and, when she reached the end of the aisle in which she was walking, she was struck on the left leg by a large flat-bed cart loaded with merchandise, being pushed along the intersecting passageway. She produced evidence that the cart could not be seen because of the merchandise stacked at the end of the aisle, and that the boxes stacked on the cart were so high that the person pushing the cart could not see that the way was not clear. The defense offered evidence that the accident was never reported, and that the identity of the cart pusher was unknown and was not an employee of Schwegmann. The trial judge obviously resolved the question of credibility of witnesses in favor of plaintiff in finding that plaintiff was injured at that time. The court found that the cart was being pushed by a person who could not see what was ahead of him and although it made no specific determination that the cart pusher was an employee of Schwegmann rather than an employee of some merchandise jobber, it found a violation of the safety rules testified to by the store’s manager. That testimony was to the effect that each person who brought merchandise into the store to stock on Schwegmann’s shelves was supposed to be given instructions with respect to safety. The trial judge found neglect of these rules and imposed liability upon the store owner. There is sufficient evidence in the record to support his findings.
While the record could also support an inference that the cart pusher was not an employee of Schwegmann’s, we are not permitted to substitute our judgment for that of the trial court when there is ample evidence to support the trial judge’s conclusion. We affirm.
Similarly, on the question of damages, the trial judge has discretion in ascertaining the amount thereof and we find no abuse of his discretion.

AFFIRMED AT APPELLANT’S COST.